**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GARTENBAU UND SPECIALKULTUREN WESTHOFF GBR and WESTHOFF VERTRIEBSGESELLSCHAFT MBH, | ) ) ) ) ) | Civil Action<br><br>No. _____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | *Electronically Filed* |
| PROVEN WINNERS NORTH AMERICA, LLC and PLANT 21, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

1. Gartenbau und Specialkulturen Westhoff GbR and Westhoff Vertriebsgesellschaft mbH (collectively, "Westhoff") hereby assert claims arising under (1) the Patent Act of the United States, 35 U.S.C. § 101, *et seq.*, for statutory plant patent infringement; (2) The Lanham Act, 15 U.S.C. § 1125 *et seq.*, for false advertising, false designation of origin and unfair competition; and (3) tortious interference with contractual relationships, tortious interference with business expectancy, fraud and unfair competition under the laws of the Commonwealth of Pennsylvania. Westhoff seeks equitable relief, including injunctive relief, damages, enhanced damages, costs of suit and reasonable attorneys' fees as permitted under federal and state law, and in support thereof avers as follows:

## PARTIES

2. Gartenbau und Specialkulturen Westhoff GbR is a plant breeder, and the company is organized under the laws of Germany and is the assignee of the asserted plant patent.

3. Westhoff Vertriebsgesellschaft mbH is a company organized under the laws of Germany. Westhoff Vertriebsgesellschaft mbH is a wholesaler that markets the varieties bred by

Gartenbau und Specialkulturen Westhoff GbR globally, and ships the products worldwide, including within the Commonwealth of Pennsylvania and specifically in this District. Westhoff Vertriebsgesellschaft mbH is the exclusive licensee of the asserted plant pant, although Westhoff does sublicense rights to propagate the plants to companies throughout the world.

4. On information and belief, Proven Winners North America, LLC is a California limited liability company having its principal place of business at 45 N First Street, Suite B, Campbell, CA 95008. On information and belief, like Westhoff, Proven Winners is in the business of wholesaling, marketing and selling plants globally, and ships its products worldwide, including within the Commonwealth of Pennsylvania and this District. For example, Proven Winners products are available for sale at HOME DEPOT®, LOWE'S®, e-commerce sites, and local brick-and-mortar garden, feed, greenhouse, horticultural, landscape and nursery businesses. In particular, the infringing plant has been purchased in this District, and is available for purchase in this District at the time of the filing of this Complaint.

5. Plant 21, LLC is a California limited liability company having its principal place of business at 32149 Aqueduct Road, Bonsall, CA 92003. On information and belief, Plant 21 LLC is a plant breeding company, and is closely related to Proven Winners. On information and belief, Plant 21 is a breeder of Proven Winners' *Calibrachoa* plants. Proven Winners North America, LLC and Plant 21, LLC shall collectively be referred to throughout this Complaint as "Proven Winners".

6. Westhoff and Proven Winners are competitors.

## JURISDICTION AND VENUE

7. Westhoff's claims arise under the laws of the United States, as well as under Pennsylvania common law. This Court has original jurisdiction over this action pursuant to Title

28 U.S.C. §§ 1331, 1338(a) and 1338(b), and supplemental or pendant jurisdiction over the remaining claims under 28 U.S.C. § 1367(a).

8. The Court has personal jurisdiction over Proven Winners by reason of the extensive business it conducts in this Commonwealth, and specifically within this Judicial District. Proven Winners offers and sells its plants to customers in this District by way of the retailers that sell and distribute its plants. Proven Winners maintains and distributes its own internet advertising detailing the availability of its plants within the Commonwealth of Pennsylvania. Moreover, Proven Winners' infringing plant has been sold in this District. Finally, Westhoff is feeling the effects of Proven Winners' actionable conduct within this District, by way of, at least, lost sales and reputational harm.

9. Venue is proper in this District in that this Court has personal jurisdiction over Proven Winners, and a substantial part of the events giving rise to the claims at issue occurred in this District in that Proven Winners advertises and conducts business within this District and derives revenue from its unlawful activities in this District. Westhoff is also suffering from the effects of the loss of sales and reputational harm in this District.

## GENERAL BACKGROUND

10. Gartenbau und Specialkulturen Westhoff GbR is the assignee and owner of U.S. Plant Patent No., 26,272 for *Calibrachoa* Plant Named 'Wescandy' ("Plant Patent"). A copy of the Plant Patent is attached as Exhibit 1. The Plant Patent application was filed on April 15, 2014, and the Plant Patent Issued on December 22, 2015. This patented plant is of the genus *Calibrachoa*. A photograph of Westhoff's patented plant, which is marketed under the name, CANDY BOUQUET™ appears below:



11. During the HOME DEPOT Spring Trials in February 2014, Westhoff introduced its CANDY BOUQUET *Calibrachoa* plants to HOME DEPOT buyers and their growers. Thereafter at the Spring Trials, a representative of HOME DEPOT told Westhoff that it wanted the CANDY BOUQUET plants exclusively, and asked Westhoff to remove the plants from the market for general sale. At that time, HOME DEPOT proposed a schedule of numbers that it would commit to purchasing. Westhoff filed its Plant Patent application on April 15, 2014.

12. Westhoff filed a trademark application for its CANDY BOUQUET trademark with the U.S. Patent and Trademark Office.

13. After seeing the Westhoff CANDY BOUQUET *Calibrachoa* plants at the 2014 Spring Trials, Proven Winners filed a trademark application for the CANDY BOUQUET trademark with the U.S. Patent and Trademark Office. Even though Proven Winners was fully aware of Westhoff's usage of the CANDY BOUQUET trademark in association with *Calibrachoa*, Proven Winners tried to misappropriate that trademark. Proven Winners' counsel did not sign the declaration required to file a trademark application indicating that the applicant believes it is

entitled to register the mark, use the mark in commerce and that no other person is using the mark. Instead, Kerry Meyer, a Proven Winners Program Director, signed a separate declaration to submit to the U.S. Patent and Trademark Office after the application was on file. Such statements are made under penalty of perjury, and this statement was made even though Proven Winners was aware of Westhoff's usage of the CANDY BOUQUET trademark.

14. Proven Winners was forced to abandon its ill-founded trademark application when the U.S. Patent and Trademark Office cited Westhoff's CANDY BOUQUET trademark application as the senior application blocking Proven Winners' application.

15. Determined to interfere with Westhoff's marketing and sales of its new *Calibrachoa* plants, Proven Winners took another tactic. Proven Winners, without authorization or license, engaged in the asexual propagation and commercial use of Westhoff's plant genetics. Proven Winners began propagating, using, offering for sale, selling and importing its infringing asexually-reproduced *Calibrachoa* plants under the HOLY MOLY™ trademark. A photograph of Proven Winners' infringing HOLY MOLY *Calibrachoa* plant appears below:



16. Proven Winners also began a campaign to discredit Westhoff in the marketplace and to divert orders for CANDY BOUQUET *Calibrachoa* plants by willfully and falsely suggesting that CANDY BOUQUET *Calibrachoa* plants are the infringing impostor of HOLY MOLY *Calibrachoa* plants.

17. Mark Broxon, the Executive Director at Proven Winners confirmed to Westhoff that Proven Winners told growers in the marketplace that HOLY MOLY *Calibrachoa* plants and CANDY BOUQUET *Calibrachoa* plants were the same. Even though Proven Winners now claims they are different (so as to escape liability for patent infringement), it told growers that they were the same.

18. On information and belief, Proven Winners told growers that Westhoff "stole CANDY BOUQUET from Proven Winners", even though it was Proven Winners, and not Westhoff, that misappropriated the plant genetics. In particular, Westhoff understands that David Konsoer, Director of Sales for Proven Winners, told a representative of HOME DEPOT Floragem and growers for HOME DEPOT that Westhoff "stole CANDY BOUQUET from Proven Winners".

19. On information and belief, David Konsoer of Proven Winners also threatened growers by asserting falsely that Proven Winners was the actual owner of the CANDY BOUQUET *Calibrachoa* plants and that Proven Winners would take action against growers who grew Westhoff's CANDY BOUQUET *Calibrachoa* plants.

20. Proven Winners also attempted to register HOLY MOLY *Calibrachoa* plants for patent protection, but that application in Europe was rejected due to a lack of distinctiveness and, on information and belief, it is Westhoff's understanding that the improper attempt to patent its HOLY MOLY *Calibrachoa* plants in the U.S. likewise failed. Proven Winners cannot undo or otherwise cancel Westhoff's established patent right in its CANDY BOUQUET *Calibrachoa*

plants, and so it is has instead stolen the genetic material and attempted to discredit Westhoff in the marketplace and confuse the consuming public.

21. Based on Proven Winners' false claims, many wholesale growers for HOME DEPOT informed Westhoff that they would not purchase, distribute or grow any CANDY BOUQUET *Calibrachoa* plants because of the representations and threats made by Proven Winners.

22. Westhoff sustained both cancellation of standing orders and the failure of wholesale growers to place orders for CANDY BOUQUET *Calibrachoa* plants over two growing seasons.

23. Westhoff has sustained significant losses as a result of these misrepresentations, in the magnitude of hundreds of thousands of units of lost sales, as well as damage to its overall business reputation now that it has been falsely branded as an infringer of intellectual property.

## FIRST CLAIM FOR RELIEF

*Infringement of Plant Patent No., 26,272 for Calibrachoa Plant Named 'Wescandy'*

24. Westhoff incorporates by reference paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Proven Winners has admitted in the marketplace that HOLY MOLY *Calibrachoa* plants and CANDY BOUQUET *Calibrachoa* plants are the same.

26. Proven Winners has infringed and continues to infringe directly, contributorily and/or by inducement the claims of U.S. Plant Patent No. 26,272 by engaging in asexual propagation, use, offering for sale, selling and importing of plants that are the progeny of Westhoff's patented plant.

27. Proven Winners' acts of patent infringement are willful.

28. Westhoff is entitled to an award of lost profits and injunctive relief in the form of an Order prohibiting Proven Winners from continuing to infringe the Plant Patent.

29. This case is exceptional, and in light of the willful infringement, Westhoff is entitled to recover actual damages, enhanced damages, attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## SECOND CLAIM FOR RELIEF

*False Advertising, False Designation Of Origin And Unfair Competition Under The Lanham Act*

30. Westhoff incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Proven Winners has sold its HOLY MOLY *Calibrachoa* plants and suggested that its plants are the same as CANDY BOUQUET *Calibrachoa* plants thereby implying that Proven Winners' infringing plants are equivalent to or otherwise interchangeable with Westhoff's patented *Calibrachoa* plants.

32. Proven Winners has told potential customers of *Calibrachoa* plants that CANDY BOUQUET *Calibrachoa* plants are unlicensed and infringing imposters that share the same genetic material as that of HOLY MOLY *Calibrachoa* plants, and that Westhoff stole the genetic material from Proven Winners.

33. Proven Winners' mischaracterizations of CANDY BOUQUET *Calibrachoa* plants are likely to cause confusion in the marketplace as to which plants are the genuine and patented plants and the interrelationship between Westhoff's *Calibrachoa* plants and Proven Winners' *Calibrachoa* plants.

34. Proven Winners is creating confusion, mistake and deception with regard to the affiliation, connection and association between Proven Winners and Westhoff and specifically between CANDY BOUQUET *Calibrachoa* plants and HOLY MOLY *Calibrachoa* plants.

35. Denying that the plants share the same genetic material now in order to escape a claim of patent infringement does not alter the misstatements previously made to the public and

that may still be being made to the public, and does not remedy the confusion that Proven Winners has intentionally created.

36.     Proven Winners' acts have caused, and unless restrained by this Court, will continue to cause Westhoff and the public to suffer great and irreparable damage and injury through, *inter alia*, (a) likelihood of confusion; (b) mistake and deception among the relevant purchasing public and trade as to the source, authenticity and interchangeability of the goods; and (c) the loss of Westhoff's valuable goodwill and business reputation as a result of the false accusations regarding theft of genetic material and any license that is implied by Proven Winners claiming it has a right to sell asexually reproduce plants identical to Westhoff's patented plants.

37.     Westhoff is entitled to recover from Proven Winners an amount equal to the damages it has sustained and will sustain as a result of Proven Winners' wrongful conduct as alleged herein, including the loss of sales of its CANDY BOUQUET *Calibrachoa* plants, as well as other plant sales that were lost due to the harm to Westhoff's reputation.  Westhoff is further entitled to recover from Proven Winners the gains, profits and advantages that it has obtained as a result of such wrongful conduct.  Westhoff is, at present, unable to ascertain the full extent of its damages or the extent of the gains, profits and advantages that Proven Winners has obtained by reason of the wrongful conduct alleged herein.

38.     Westhoff has no adequate remedy at law.  Unless Proven Winners is preliminarily and permanently enjoined from committing the unlawful acts set forth above, Westhoff will continue to suffer irreparable harm.

39.     Westhoff's misuse of and commentary regarding the CANDY BOUQUET *Calibrachoa* plants is deliberate, willful and fraudulent and constitutes knowing misuse of a trademark to create confusion and deceive the consuming public.  Westhoff is therefore entitled to

recover actual damages, enhanced damages, its attorneys' fees and costs incurred in this action, as well as prejudgment interest.

### THIRD CLAIM FOR RELIEF

Tortious Interference With Contractual Relationships

40. Westhoff incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Westhoff had valid and existing contracts for CANDY BOUQUET *Calibrachoa* plants with the HOME DEPOT VIVA!® Program.

42. Proven Winners was aware of this agreement and that orders for CANDY BOUQUET *Calibrachoa* plants had been placed.

43. Proven Winners nonetheless made false accusations regarding the CANDY BOUQUET *Calibrachoa* plants, including, but not limited to, suggesting that Westhoff's plants are infringing imposters of HOLY MOLY *Calibrachoa* plants, and that Westhoff stole the *Calibrachoa* genetic material for its CANDY BOUQUET plants from Proven Winners. Proven Winners also tried unsuccessfully to misappropriate the CANDY BOUQUET trademark.

44. Proven Winners misappropriated Westhoff's patented plant technology and competitively marketed plants asexually reproduced using that technology in an effort to interfere with Westhoff's business relationships.

45. As a direct result of Proven Winners' tortious interference, the referenced contracts were cancelled and Westhoff's reputation and goodwill in the marketplace were damaged and/or destroyed.

46. Proven Winners' tortious interference was willful, malicious, oppressive and in conscious disregard of Westhoff's rights, and therefore, an award of actual damages, enhanced

damages, attorneys' fees and costs incurred in this action, as well as prejudgment interest, is warranted.

### **FOURTH CLAIM FOR RELIEF**

Tortious Interference With Business Expectancy

47. Westhoff incorporates by reference paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Westhoff has expectancies in ongoing relationships with growers, distributors, retailers and other customers and prospective new growers, distributors, retailers and customers specifically in relation to its patented *Calibrachoa* plants.

49. These relationships will provide Westhoff with prospective future economic benefit in the form of sales relationships and revenue derived from the same. These relationships form the entire basis for Westhoff's business, and are of inestimable value.

50. Proven Winners was aware of these prospective and beneficial relationships.

51. Proven Winners nonetheless made false accusations regarding the CANDY BOUQUET *Calibrachoa* plants, including, but not limited to, trying unsuccessfully to squat on the CANDY BOUQUET trademark, suggesting that CANDY BOUQUET *Calibrachoa* plants are infringing imposters of HOLY MOLY *Calibrachoa* plants, and alleging that Westhoff stole the genetic material for its *Calibrachoa* plants from Proven Winners.

52. Proven Winners misappropriated Westhoff's patented plant technology and competitively marketed plants asexually reproduced using that technology in an effort to interfere with Westhoff's potential business relationships.

53. All of Proven Winners' actions were geared toward discrediting Westhoff and siphoning off business and potential business through these illegitimate tactics.

54. Had Proven Winners refrained from engaging in this unlawful and wrongful conduct, there is a substantial probability that Westhoff would have grown its sales in relation to CANDY BOUQUET *Calibrachoa* plants, as well as its other plants, and expanded its network of relationships.

55. Proven Winners engaged in this behavior with the purpose and intent of interfering with Westhoff's commercial endeavors.

56. As a result of Proven Winners' actions, Westhoff has suffered economic harm, including, but not limited to, loss of profits from sales to current and potential customers, and lost contracts with growers, distributors, retailers and customers, which in turn causes additional lost sales and market share.

57. Unless restrained by this Court, these actions are likely to recur and will cause irreparable injury for which there is no adequate remedy at law.

58. Proven Winners' tortious interference was willful, malicious, oppressive and in conscious disregard of Westhoff's rights, and therefore, an award of actual damages, enhanced damages, attorneys' fees and costs incurred in this action, as well as prejudgment interest, is warranted.

## FIFTH CLAIM FOR RELIEF
Fraud

59. Westhoff incorporates by reference paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. Proven Winners knows and has known during all times that it has been committing its patent infringement and providing false information to the consuming public that it has no authorization to use Westhoff's patented plant technology.  Moreover, it has known that it is falsely

disparaging and making claims against the CANDY BOUQUET *Calibrachoa* plants and Westhoff all in an effort to mislead and deceive the consuming public.

61. Proven Winners' conduct constitutes fraud under the laws of the Commonwealth of Pennsylvania, and thus should be enjoined.

62. Westhoff has been and will continue to be irreparably harmed by Proven Winners' infringing acts and unless and until such acts are restrained by this Court, Westhoff will continue to be harmed.

63. Westhoff is entitled to an award of actual damages, enhanced damages, attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition

64. Westhoff incorporates by reference paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65. Proven Winners' acts referenced hereinabove constitute unfair competition in that the unlawful conduct has a substantial and negative effect on commerce and constitutes unlawful, unfair and fraudulent business practices.

66. Westhoff has been and will continue to be irreparably harmed by Proven Winners' infringing acts and unless and until such acts are restrained by this Court, Westhoff will continue to be harmed.

67. Proven Winners' actions demonstrate an intentional, willful, and malicious intent to mislead the public into believing that Proven Winners' plants are the legitimate products, and Westhoff's plants are infringing copies.

68. Westhoff is entitled to immediate and permanent injunctive relief to cease Westhoff's patent infringement and false statements.

69.     Westhoff is entitled to an award of actual damages, enhanced damages, attorneys' fees and costs incurred in this action, as well as prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Westhoff respectfully requests that the Court enter judgment in favor of Westhoff and against Proven Winners, as follows:

A.     Proven Winners shall be held liable for willful patent infringement;

B.     Proven Winners shall be held liable for willful trademark infringement;

C.     This case will be deemed exceptional under both The Patent Act and The Lanham Act;

D.     Proven Winners shall be preliminarily and permanently enjoined, and all of its agents, officers, employees, representatives, successors, parents, subsidiaries, affiliates, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Proven Winners from infringing Westhoff's patent and trademark rights and from engaging in false misstatements regarding Westhoff's CANDY BOUQUET *Calibrachoa* plants infringing Proven Winners' plants and/or being derived from Proven Winners' plants;

E.     Proven Winners shall be liable for all damages sustained by Westhoff for the causes of action set forth in this Complaint;

F.     Westhoff shall be awarded enhanced damages, exemplary damages and/or treble damages;

G.     Proven Winners shall compensate Westhoff for the costs of this action and Westhoff's reasonable attorney's fees;

H.     Proven Winners shall pay prejudgment and post judgment interest on any monetary award; and

I.     Westhoff shall be granted any other and further relief that the Court may deem just and proper.

- 15 -

## **JURY DEMAND**

Under Federal Rule of Civil Procedure 38(b), Westhoff respectfully requests a trial by jury on all matters raised in the Complaint.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: May 4, 2016                              s/ *Russell D. Orkin*
                                                Russell D. Orkin (PA ID. No. 013311)
                                                Kent E. Baldauf, Jr. (PA ID No. 70793)
                                                Cecilia R. Dickson (PA ID No. 89348)
                                                Brian J. Jackson (PA ID No. 311490)

                                                One Gateway Center
                                                420 Ft. Duquesne Blvd., Suite 1200
                                                Pittsburgh, PA 15222
                                                412.471.8815
                                                412.471.4094 (fax)
                                                rorkin@webblaw.com
                                                kbaldaufjr@webblaw.com
                                                cdickson@webblaw.com
                                                bjackson@webblaw.com

                                                *Attorneys for Plaintiff*